## REIS v. UNITED STATES.

### No. 47417.

Court of Claims.
April 5, 1948.

Rees B. Gillespie, of Washington, D. C., for plaintiff.

Frank J. Keating, of Washington, D. C., and H. G. Morison, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges.

JONES, Chief Justice.

Plaintiff, an officer in the United States Marine Corps, brings this suit to recover rental and subsistence allowances to which he alleges he is entitled on account of a dependent mother.

The claim is based upon Section 4 of the Act of June 10, 1922, 42 Stat. 625, 627, 37 U.S.C.A. § 8, which reads as follows:

"Sec. 4. That the term 'dependent' as used in the succeeding sections of this Act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support."

The only point at issue is whether plaintiff's mother was, during the period of the

claim, actually dependent upon him for her chief support.

Plaintiff's mother was born July 25, 1876. She is a widow, her husband having died in October 1942, leaving no property except a small amount of life insurance which was used to defray his funeral expenses. Her living expenses amounted to approximately $1,100 a year, including medical expenses.

Plaintiff allotted to his mother for her support $75 a month from November 1940 to April 1942, inclusive, and $100 a month from May 1942 to April 1943, inclusive. He also made other contributions by cash or check amounting to not less than $20 a month.

During the period covered by this claim plaintiff's mother had no other source of income, and no property except her clothing and a few small personal effects of little monetary value. She was not gainfully employed. Besides plaintiff she had one other child, a son, who during the period involved was irregularly employed at a small salary and contributed nothing to her support.

There is no question but that plaintiff was his mother's chief support during the period November 1, 1940, to April 30, 1943. Without his contributions she would have been without means of livelihood. There could hardly be a clearer case of dependency. In all probability the same situation existed from August 18, 1940, the date plaintiff entered upon active duty, but the evidence on this point is not sufficient to warrant us in allowing recovery for the period August 18 to November 1, 1940.

Plaintiff is entitled to recover the increased rental and subsistence allowances provided by law for an officer of his rank and length of service because of a dependent mother from November 1, 1940, to April 30, 1943, inclusive.

Entry of judgment is suspended pending receipt of a report from the General Accounting Office showing the amount of the allowances due the plaintiff in accordance with this opinion. It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.